IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 18 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00860-BNB

MARCUS PALMER,

Applicant,

v.

STEVE HARTLEY, Warden, Limon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Marcus Palmer is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility at Limon, Colorado. Mr. Palmer initiated this action by filing ***pro se*** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 16, 2008, Mr. Palmer filed an amended habeas corpus application on the proper form. Mr. Palmer is challenging the validity of his conviction and sentence in case number 00CR907 in the Denver District Court.

On May 22, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response that addresses the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On June 11, 2008, Respondents filed their Pre-Answer Response. On August 4, 2008, Mr. Palmer filed a reply to the Pre-Answer Response.

The Court must construe the amended application and reply liberally because Mr. Palmer is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application in part.

Mr. Palmer was convicted by a jury of second degree murder, felony murder, first degree burglary, and felony menacing and he was sentenced to life in prison. The judgment of conviction was affirmed on direct appeal. ***See People v. Palmer***, 87 P.3d 137 (Colo. Ct. App. 2003). On April 12, 2004, the Colorado Supreme Court denied Mr. Palmer's petition for writ of certiorari on direct appeal.

On March 29, 2005, Mr. Palmer filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. The trial court denied the Rule 35(c) motion on September 29, 2005. Mr. Palmer filed a notice of appeal and the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion. ***See People v. Palmer***, No. 05CA2534 (Colo. Ct. App. Aug. 2, 2007) (unpublished). On February 25, 2008, the Colorado Supreme Court denied Mr. Palmer's petition for writ of certiorari in the postconviction proceedings. The Court received the instant action for filing on April 17, 2008.

Mr. Palmer asserts twelve claims for relief in the amended habeas corpus application, including an ineffective assistance of counsel claim with eleven sub-parts.[1] Mr. Palmer does not take issue with how his claims are characterized by Respondents

[1]Although Mr. Palmer asserts a thirteenth claim in the amended application, the thirteenth claim merely recites the legal standards for ineffective assistance of counsel claims and is not a separate claim.

in their Pre-Answer Response. Therefore, the Court will adopt the same characterization of Mr. Palmer's claims, which are the following:

(1) The information in Mr. Palmer's case did not provide notice of the elements of felony murder.

(2) Mr. Palmer was denied the right to a unanimous verdict and proof beyond a reasonable doubt as to all of the elements of the offenses of burglary and felony menacing because the jury instructions failed to specify a particular victim.

(3) Mr. Palmer was denied due process because the trial court failed to adequately instruct the jury on the "no duty to retreat" doctrine as to the affirmative defense of self-defense.

(4) Mr. Palmer was denied due process because the trial court failed to adequately instruct the jury that the reasonableness of Mr. Palmer's actions in regard to self-defense should be judged as the circumstances appeared to Mr. Palmer at the time, including the right to act on apparent necessity.

(5) Mr. Palmer's constitutional rights were denied by the trial court's refusal to instruct the jury on self-defense when it determined whether Mr. Palmer had acted recklessly or negligently during the incident that led to the homicide.

(6) The prosecutor violated Mr. Palmer's constitutional rights by failing to provide information about the dismissal of witness Lawrence Wilson's felony charges in return for his testimony against Mr. Palmer.

(7) Mr. Palmer's Fifth Amendment rights were violated by the prosecutor's comments during trial and closing argument that were intended to focus the jury on Mr. Palmer's right to remain silent.

(8) Mr. Palmer's right to testify was violated when his trial counsel used erroneous information to convince him not to testify.

(9) The evidence was insufficient to support Mr. Palmer's conviction for burglary.

(10) Mr. Palmer's Sixth Amendment right to counsel was violated because his trial counsel had a conflict of interest due to the representation of witness Lawrence Wilson by the public defender's office.

(11) Mr. Palmer's trial attorney rendered ineffective assistance by:

(a) failing to investigate the extent of information possessed by defense witnesses;

(b) failing to investigate the extent of the conflict of interest;

(c) failing to notify Mr. Palmer about the conflict of interest;

(d) failing to notify Mr. Palmer about the possibility of substituting counsel when the conflict of interest was discovered;

(e) providing Mr. Palmer with false information about his right to testify in order to prevent him from testifying;

(f) failing to know the law about burglary;

(g) failing to file a bill of particulars regarding burglary;

(h) failing to raise discovery violations prior to trial;

(i) failing to conduct an independent investigation of the crime scene;

(j) failing to challenge the constitutionality of the Colorado burglary statute; and

(k) failing to object to the prosecutor's improper comments.

(12) Mr. Palmer's right to confrontation was violated by the use of impermissible hearsay.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that a number of Mr. Palmer's claims are not exhausted and are procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. ***See O'Sullivan v. Boerckel***, 526 U.S. 838 (1999); ***Dever v. Kansas State***

***Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. ***See Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." ***Dever***, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. ***Picard v. Connor***, 404 U.S. 270, 278 (1971); ***see also Nichols v. Sullivan***, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," ***Picard***, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." ***Anderson v. Harless***, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. ***See Duncan v. Henry***, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. ***See Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

The parties agree that Mr. Palmer's first five claims in the amended application were the subject of his direct appeal in state court. Respondents concede that Mr. Palmer exhausted state court remedies for claims one, two, three, and five on direct

appeal. However, Respondents argue that Mr. Palmer's fourth claim for relief is not exhausted because it was not raised as a federal constitutional claim on direct appeal. Mr. Palmer concedes that his opening brief on direct appeal did not reference a specific constitutional provision in connection with his fourth claim. However, he contends that his fourth claim is exhausted because the heading of his fourth claim on direct appeal referenced a denial of his right to a fair trial. Mr. Palmer also contends that the fourth claim is exhausted because a number of cases were cited in support of his fourth claim on direct appeal that are based on constitutional grounds.

The Court has examined Mr. Palmer's opening brief on direct appeal and finds that the fourth claim was not raised as a federal constitutional claim. The fact that Mr. Palmer referenced a denial of his right to a fair trial in the heading of the fourth claim did not present the substance of a federal claim and was not sufficient to alert the state court to the presence of a federal constitutional claim. Furthermore, the cases Mr. Palmer references that were cited in support of his fourth claim in his opening brief on direct appeal also did not demonstrate that he was raising a federal constitutional claim because none of the cited cases relied on federal constitutional grounds. ***See Idrogo v. People***, 818 P.2d 752 (Colo. 1991); ***People v. Jones***, 675 P.2d 9 (Colo. 1984); ***People v. Dillon***, 655 P.2d 841 (Colo. 1983); ***Leonard v. People***, 369 P.2d 54 (Colo. 1962).

The Court's conclusion that Mr. Palmer did not raise his fourth claim as a federal constitutional claim on direct appeal is supported by the reasoning of a First Circuit case cited by Respondents in their Pre-Answer Response. ***See Dougan v. Ponte***, 727

F.2d 199 (1st Cir. 1984). In that case, the First Circuit affirmed the dismissal of a habeas corpus action for failure to exhaust state remedies because the petitioner had not raised his claims as federal constitutional claims in the state courts. The First Circuit reasoned that:

> In this case there were no indicia other than the opaque labels of "unfair trial" in the issue captions of petitioner's state court brief to alert the court to any lurking federal constitutional question. In the discussion of the two issues we examine here, there was no reference to a constitutional provision or specific right or to any case, state or federal, which rested on a constitutional ground. Nor was there any claim specifically implicating a particular constitutional right, such as a claim that the prosecutor commented on the petitioner's failure to testify on his own behalf, or that the prosecutor made knowing use of perjured testimony.

***Id.*** at 201.

The same logic applies in the instant action. Mr. Palmer's single reference to a denial of a fair trial in the heading of his fourth claim on direct appeal was not sufficient to raise that claim in the state courts as a federal constitutional claim. Therefore, the Court agrees with Respondents that Mr. Palmer has not exhausted state court remedies for his fourth claim for relief.

Mr. Palmer asserts that he exhausted state court remedies for the remainder of his claims in the state court postconviction proceedings. Respondents concede that Mr. Palmer has exhausted state court remedies in the postconviction proceedings for claims eight and ten in the amended application. However, Respondents maintain that Mr. Palmer failed to exhaust state court remedies for claims six, seven, nine, eleven, and twelve.

Respondents specifically argue that Mr. Palmer failed to exhaust state court remedies for claims six, seven, and nine because, although Mr. Palmer raised those claims in the Colorado Court of Appeals on appeal from the denial of his Rule 35(c) motion, the Colorado Court of Appeals rejected those claims on procedural grounds.[2] More specifically, the Colorado Court of Appeals determined that these claims should have been raised by Mr. Palmer on direct appeal. Respondents argue that Mr. Palmer failed to exhaust state court remedies for claim twelve, in which he challenges the use of impermissible hearsay, because Mr. Palmer failed to raise the hearsay claim in the trial court in his Rule 35(c) motion.[3] Therefore, Respondents assert that claims six, seven, nine, and twelve were not fairly presented to the state courts. ***See Dupuy v. Butler***, 837 F.2d 699, 702 (5th Cir. 1988) (noting that the exhaustion requirement is satisfied only if a claim is presented to the state courts in a procedurally proper manner according to the rules of the state courts).

Mr. Palmer does not dispute the fact that claims six, seven, nine, and twelve were dismissed by the Colorado Court of Appeals on procedural grounds. However, he argues that the Colorado Court of Appeals erred in rejecting claims six, seven, nine, and twelve on procedural grounds because he raised those claims as ineffective assistance of counsel claims that could not have been raised on direct appeal. ***See***

---

[2]Respondents argue that claim nine also is unexhausted because it was not raised as a federal constitutional claim. The Court need not resolve this issue because the Court agrees that claim nine was not fairly presented to the state courts even if it was raised as a federal constitutional claim.

[3]Respondents incorrectly assert that Mr. Palmer's claim seven was rejected by the Colorado Court of Appeals on the grounds that it was not raised in the trial court. It is clear that the hearsay claim rejected by the Colorado Court of Appeals for not having been raised in the trial court is Mr. Palmer's claim twelve and not claim seven.

***Ardolino v. People***, 69 P.3d 73, 77 (Colo. 2003) (noting that "defendants have regularly been discouraged from attempting to litigate their counsels' effectiveness on direct appeal.").

Mr. Palmer's argument that claims sex, seven, nine, and twelve were raised in the state courts as ineffective assistance of counsel claims does not demonstrate that those claims are exhausted because claims six, seven, nine, and twelve are not being raised in this action as ineffective assistance of counsel claims.[4] Various sub-parts of Mr. Palmer's ineffective assistance of counsel claim, the eleventh claim in the amended application, are based on the same arguments that support claims six, seven, nine, and twelve. However, claims six, seven, nine, and twelve are not themselves ineffective assistance of counsel claims and, as a result, were not exhausted when they were raised as ineffective assistance of counsel claims in the state courts. Mr. Palmer cannot exhaust state court remedies by presenting to the state courts a different claim than he raises in federal court. ***See Picard***, 404 U.S. at 276. "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." ***Wong v. Money***, 142 F.3d 313, 322 (6th Cir. 1998). Therefore, the Court finds that Mr. Palmer failed to exhaust state court remedies for claims six, seven, nine, and twelve.

Respondents next argue that Mr. Palmer did not exhaust state court remedies for all eleven sub-parts of his ineffective assistance of counsel claim. Respondents assert

---

[4]Mr. Palmer does reference ineffective assistance of counsel in support of claim nine, the insufficient evidence claim. However, to the extent claim nine can be construed as asserting an ineffective assistance of counsel claim, it is duplicative of sub-parts (f) and (g) of Mr. Palmer's claim eleven, the ineffective assistance of counsel claim.

that Mr. Palmer did raise sub-parts (a), (c), (e), and (g) of claim eleven in his state court postconviction appeal. However, Respondents contend that the entire claim eleven is unexhausted because Mr. Palmer has added additional facts and legal theory to that claim in the instant action. The Court will not dismiss the entire ineffective assistance of counsel claim as unexhausted based on the failure to raise one or more sub-parts of that claim in the state courts. Instead, the Court will consider each sub-part individually.

Mr. Palmer argues in his reply that he exhausted state court remedies for every sub-part of his ineffective assistance of counsel claim. The Court has examined the opening brief on appeal from the denial of the Rule 35(c) motion and finds that Mr. Palmer did not fairly present all of his ineffective assistance of counsel arguments to the state courts. The Court finds that Mr. Palmer did raise sub-parts (a), (c), (e), and (g) in his postconviction appeal as noted by Respondents. Therefore, the Court finds that those four sub-parts of claim eleven are exhausted. However, the remaining sub-parts of claim eleven were not raised in Mr. Palmer's opening brief in his postconviction appeal. Therefore, the Court finds that sub-parts (b), (d), (f), (h), (i), (j), and (k) of claim eleven are not exhausted.

Although Mr. Palmer failed to exhaust state remedies for claims four, six, seven, nine, and twelve, and sub-parts (b), (d), (f), (h), (i), (j), and (k) of claim eleven, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Palmer no longer has an adequate and effective state remedy available to him. ***See Castille***, 489 U.S. at 351. The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the

claims Mr. Palmer failed to exhaust. ***See*** Colo. R. Crim. P. 35(c)(3)(VI) and (VII). Furthermore, it appears that any further efforts by Mr. Palmer to challenge his convictions other than the first degree felony murder conviction would be time-barred. ***See*** Colo. Rev. Stat. § 16-5-402. Therefore, the Court finds that claims four, six, seven, nine, and twelve, and sub-parts (b), (d), (f), (h), (i), (j), and (k) of claim eleven, are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." ***Jackson v. Shanks***, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. ***See Coleman v. Thompson***, 501 U.S. 722, 730 (1991). Mr. Palmer's ***pro se*** status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. ***See Lepiscopo v. Tansy***, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Palmer fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider the defaulted claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that claims four, six, seven, nine, and twelve, and sub-parts (b), (d), (f), (h), (i), (j), and (k) of claim eleven, are procedurally barred and must be dismissed.

In summary, Respondents concede that this action is timely. Respondents concede that claims one, two, three, five, eight, and ten, and sub-parts (a), (c), (e), and

(g) of claim eleven, are exhausted. Claims four, six, seven, nine, and twelve, and sub-parts (b), (d), (f), (h), (i), (j), and (k) of claim eleven, will be dismissed as procedurally barred. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. ***See*** D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that claims four, six, seven, nine, and twelve, and sub-parts (b), (d), (f), (h), (i), (j), and (k) of claim eleven, in the amended habeas corpus application are dismissed as procedurally barred. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 17 day of Sept., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00860-BNB

Marcus Palmer
Prisoner No. 48733
Limon Correctional Facility
49030 St. Hwy. 71
Limon, CO 80826

Laurie Booras
First Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/18/08

GREGORY C. LANGHAM, CLERK

By: [signature]
Deputy Clerk